IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:24cr277 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JUAN JOSE RODRIGUEZ TEJEDA and ANGEL LUIS CARRASCO MARINEZ, | : | |
| | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court for disposition is Defendant Juan Jose Rodriguez-Tejeda's Motion to Dismiss Count 1 and 2 of the Indictment in the instant case. (Doc. 54). Defendant Angel Luis Carrasco Marinez has filed Notice to Join the Motion To Dismiss. (Doc. 59). The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background**

On August 12, 2024, the government charged the defendants by criminal complaint with conspiracy and burglary of a U.S. Post Office. (Docs. 3, 4). Defendants were arrested and arraigned on that same date. Both defendants were released from custody, upon conditions, pending trial. (Docs. 20, 23). Defendant Tejeda waived a preliminary hearing. (Doc. 66, Exh. A, pg. 5, ln. 2-5). Defendant Marinez's preliminary hearing was originally scheduled for August 23,

2024. (Doc. 24). The government filed several unopposed motions to continue Marinez's preliminary hearing and Chief Magistrate Judge Daryl F. Bloom ultimately scheduled it for October 9, 2024. (Doc. 31).

On October 8, 2024, the Grand Jury issued a five-count Indictment against the defendants. (Doc. 34). Count 1 alleges conspiracy to commit burglary of a U.S. Post Office pursuant to 18 U.S.C. § 371. Count 2 charges the defendants with burglary of a U.S. Post Office pursuant to 18 U.S.C. § 2115. Counts 3 through 5 charge Defendant Juan Jose Rodriguez Tejeda with bank fraud. (Id.) Pretrial motions from the defendants are due on February 28, 2025 and trial will be scheduled after that date. (Docs. 63, 67).

On December 10, 2024, Defendant Tejeda filed the instant motion to dismiss. (Doc. 54). The motion is filed pursuant to the Speedy Trial Act. 18 U.S.C. § 3161, which provides, in pertinent part: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Where an indictment is not timely filed the charges against the defendant "contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

Here, law enforcement officials arrested the defendants on August 12, 2024, and the Grand Jury returned the Indictment more than thirty (30) days later on October 8, 2024.  (Doc. 34).  Accordingly, the defendants move to dismiss the charges against them.

The government concedes that the time limit provided for in the Speedy Trial Act has been surpassed by approximately twenty-six (26) days and that the charges should be dismissed.  (Doc. 66, Govt's Br. at 5).  The government, however, notes that the court must determine whether the dismissal should be with or without prejudice to the government filing the charges again.

The Speedy Trial Act provides three factors for the court to consider when determining whether dismissal should be with or without prejudice. The factors are: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; [3] and the impact of a re-prosecution on the administration of this chapter and the administration of justice." See 18 U.S.C. § 3162(a)(2); see also United States v. Taylor, 487 U.S. 326, 336 (1998).  The Supreme Court has explained that the "district court must carefully consider th[ese] factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review." Taylor, 487 U.S. at 336. The court will discuss each factor in turn.

## 1. Seriousness of the offense

The first factor to consider is the seriousness of the offense.  18 U.S.C. §

3162(a)(2).  The Third Circuit Court of Appeals has explained that this factor

> "centers primarily on society's interest in bringing the particular accused to trial."  United States v. Hastings, 847 F.2d 920, 925 (1st Cir. 1988).  The logic behind this factor is intuitive: "[t]he graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." Id.

United States v. Stevenson, 832 F.3d 412 (3d Cir. 2016).

Defendants argue that neither Count 1 nor Count 2 charge crimes of

violence and the maximum sentence for each is five years of imprisonment.  The

charges are Class D Felonies, the second-to-least serious class of felony under

the federal criminal code.  Thus, according to the defendants, the charges are

not very serious.

The government highlights the alleged facts underlying the charges.  Here,

the defendants are charged with burglarizing United States Post Offices.  The

indictment charges that defendants forcibly gained entry to multiple post offices

by prying open doors and breaking at least one window.  The charges speak to

public safety, the security of the government, and the government's and public's

property rights.  They are indeed felonies and punishable by up to five (5) years

in prison, a $250,000 fine, and three years of supervised release.

The court concludes that the government's argument on this factor is cogent. The crimes involved are indeed serious and could potentially lead to years in prison and hundreds of thousands dollars in fines if the defendants are convicted. The crimes could undermine the public's trust in the government and governmental institutions. Thus, the seriousness of the alleged offenses weigh in favor of dismissing the charges without prejudice.

## 2. Facts and circumstances which led to dismissal

The second factor to consider involves the facts and circumstances which led to the dismissal of the charges. "This factor requires courts to consider the reasons for the delay: did it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch in the prosecutorial process?" United States v. Stevenson, 832 F.3d 412, 420 (3d Cir. 2016).

The government argues that the violation of the Speedy Trial Act resulted from an "innocent misinterpretation" of the law and the resulting delay was merely twenty-six (26) days. According to the government, then, this factor weighs in favor of dismissal without prejudice.

The court disagrees. The government took nearly twice the time allowed by the statute to file the Indictment. Although no malice or willfulness is evidenced by the record, it is important for the administration of justice that the

5

Government understand the law in situations involving criminal prosecutions and the Speedy Trial Act. Thus, its misinterpretation of the law and delay in filing the indictment weigh in favor of dismissing the case with prejudice. See United States v. Ramirez, 973 F.2d 36, 39 (1st Cir. 1992) (explaining that the Speedy Trial Act violation "was accomplished without malice, that does not ameliorate the gravity of its effects. When a [Speedy Trial Act] violation is caused by the court or the prosecutor, it weighs in favor of granting a dismissal with prejudice.").

### 3. Impact of a re-prosecution on the administration of justice

The final factor examines the impact of a re-prosecution on the administration of justice. One of the "main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay...." United States v. Stevenson, 832 F.3d 412, 422 (3d Cir. 2016) (quoting United States v. Howard, 218 F.3d 556, 562 (6th Cir. 2000)). Here defendants have not demonstrated any prejudice from the 26 or 27- day delay.[1] The delay is lengthy in the sense that it is almost double the time provided by the Speedy Trial Act to file the charges. However, nothing indicates that the delay affects the evidence or witnesses in a prejudicial manner.

---

[1] Defendants make an argument regarding the delay in discovery in this matter. The alleged failure of the government to produce discovery in a timely manner, however, does not seem to be related to the failure to file a timely indictment. Moreover, it appears that the parties were able to resolve the discovery issue amongst themselves, which is laudable and encouraged by the court. It does not, however, demonstrate any prejudice.

6

Moreover, the defendants have not been detained on these charges; rather, they have been released upon conditions. (Docs. 20, 23). Accordingly, the court finds that this factor weighs in favor of dismissing the charges without prejudice.

**Conclusion**

Counts 1 and 2 will be dismissed from the Indictment. A weighing of the factors set forth in 18 U.S.C. § 3162(a)(2), indicates that the dismissal should be without prejudice to the government refiling the charges. An appropriate order follows.

Date: 1/30/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

7